[ * 297 ]

——◆——

* JACOB LEWIS *versus* SYLVESTER GRAY.

Parole evidence inadmissible to vary a contract in writing; but if what was originally by parole, be afterwards reduced to writing, and signed by the party, it may be admitted.

THIS was an action on a promissory note, bearing date the 24th day of April, 1800, for the sum of $4122 68 cents, payable on demand; to which the defendant pleaded the general issue. The cause was tried before DANA, C. J., at the last term in this county.

The execution of the note was not denied, nor was it contended that the plaintiff was not entitled to recover in the action; but the defence was, that the sum of $1500 ought to be deducted from the face of the note, on account of certain transactions which had taken place between the parties; which were stated by the counsel for the defendant to have been as follows, *viz.*

That, on the day of the date of the note, *Lewis* was indebted to *Gray* in the sum of $5377 32 cents, and for securing the payment thereof, conveyed to him certain real estate situated in *Dorchester,* estimated at $9500, which exceeding the sum due from *Lewis* to *Gray,* a note for the balance, being the note now in suit, was given by *Gray* to *Lewis;* that the real estate was conveyed with the intention (and so agreed by the parties at the time) that the same should be sold by *Gray,* and that from the avails of the sale he should first satisfy himself for the amount due to him from *Lewis,* as above stated; and for whatever sum it should produce more than sufficient for that purpose he was to account to *Lewis;* and if it fell short of the *estimated* value, it was to reduce the note according to such deficiency; that at *that* time the parties stated the following account:—

* DR.·····*Sylvester Gray* in account with *Jacob Lewis*,····CR

| 1800. | | 1800. | |
|---|---|---|---|
| *April* 24.  To sundry deben- | | *April* 24.  By amount of two | |
| tures, amounting to   $11892 86 | | bonds for impost on cargo | |
| Balance due on old account,    9 82 | | of ship *Orion*, from *Isle of* | |
| A house and land at *Dor-* | | *France*,   $17230 | |
| *chester*  sold  him  this | | Expenses paid *John Davis*, | |
| day,   9500 | | interest, &c.   50 | |
| | | His note for balance,   4122 68 | |
| | | | |
| $21402 68 | | $21402 68 | |

*Boston*, 24*th April*, 1800.         Errors excepted.

J. LEWIS.

A similar statement of the account, reversing the articles of debt and credit, being *then* made and signed by *Gray*, and delivered to *Lewis*.   That afterwards the plaintiff wrote the defendant the fol lowing letter, viz.   " Mr. *Sylvester Gray :*  In consequence of what you signified to me when last together, I have thought proper to explain, on paper, that which was done verbally.   Should the con- veyance of property intended to serve you as collateral security, by any cause whatever, be reduced to a value inadequate to the demand which you hold against me, I hold myself accountable for the deficiency.   I hereby acknowledge that the conveyance or sale of real property alluded to, namely, the *Dorchester* farm, was made with an intent to secure as far as the sum it may produce would go towards discharging a certain balance of accounts which I have already acknowledged to be due to you; and in case the said farm should sell for more than the sum due to you, it is understood the remainder is held subject to my order ; therefore be it known, to all whom it may concern, that the true intent of the sale already men- tioned is herein set forth, notwithstanding whatever may appear to the contrary.—*Boston, Jan.* 20, 1801.    J. LEWIS."

* It was further stated that *Gray*, in pursuance of the [ * **299** ] agreement, had sold the *Dorchester* farm at auction, for $8000 only, being the most that could be obtained for it.   Upon which the counsel for the defendant, at the trial of the cause, con- tended that the letter, the account, and the fact of the actual avails of the sale, were proper evidence to the jury to show that the plain- tiff was entitled to recover the difference money only ; *viz.*, $1500 less than the sum of the note ; these transactions being equivalent to an actual payment of *that* sum on the note.   The *Chief Justice* ruled that the evidence was inadmissible ; and the jury found a verdict for the whole contents of the note.

For the rejection of this evidence the counsel for the defendant moved for a new trial.

LEWIS *vs.* GRAY.

*Dexter* and *Blake* now showed cause against a new trial. And it was insisted that the evidence was inadmissible, because, *First*, it was contradictory to the deed. In the deed from *Lewis* to *Gray*, it is *expressly* stated that the conveyance was made in consideration of $9500 dollars; and the rule is, that no averment or evidence is admissible to contradict the consideration mentioned in a deed. 1 *Bac. Abr.* tit. *Bargain* and *Sale. D.*

*Secondly,* it is against the statute of frauds. By the act *of March* 10, 1784, *sect.* 3. (*stat.* 1783, *c.* 37,) it is enacted that " all creations of trusts or confidences of any lands, tenements, or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or else the same shall be utterly void." This is an attempt to prove a trust or confidence in lands, by parole ; the original agreement, as stated by the counsel himself, was by parole, and therefore void ; consequently a subsequent writing could not take it out of the statute ; it is attempting to create a trust, which must always be on good considera- [ * 300 ] tion ; here it was on a consideration * *executed,* and therefore a void consideration. But does the letter reach the case ? It does not mention the property nor the note ; says nothing about the difference money being applied in redeeming the note ; but whatever the letter says, it is an attempt by a subsequent writing made without any consideration, either expressed or implied, to set up a mere parole agreement against written evidence, and is therefore, *thirdly,* against a well-established general principle of law, that parole evidence is inadmissible to vary a contract in writing. In the case before the Court, the whole contract is contained in the deed and note ; the account, it is true, shows how the transactions were at the time of executing the deed and making the note.

The deed, the note, and the account, are perfectly consistent, each with the other ; and are utterly inconsistent with the pretensions of the defendant, as to the supposed further parole agreement between the parties, which, if it existed, was void, for the reasons already given ; or, if not void, there is not a syllable in the letter which shows that the note was to be affected by it. And *fourthly,* there is no mutuality ; there is nothing which proves that *Gray* recognized the statement in the letter as being the contract, or that he would have been accountable to *Lewis* had the land sold for more than $9500 ; and therefore there is no reason for a new trial.

*Parsons,* in reply. The letter is not contradictory to the deed ; it does not deny the consideration, but on the contrary affirms a valuable consideration ; it is an acknowledgment merely that in case the land should not sell for so much as was the *estimated* considera- tion at the time of the contract, then *Lewis* was to be accountable

to *Gray* for the deficiency, and that such was the original contract between them ; and therefore that the whole contents of the note should not, in *that* * event, be recoverable.   As [ * **301** ] to the trust and confidence, which it is said is by this means attempted to be created in lands, there is nothing of that kind in the case ; but if there were, that is no objection to the evidence.   The *legal* estate may be, and is supposed to be in one, 'he equitable interest in another ; this may always be declared in writing, as well by a writing made afterwards as at the time ; if it was at first by parole, yet being afterwards reduced to writing takes it out of the statute ; the statute was made to *prevent* fraud ; and the Court will not give such a construction to it as to *work* a fraud. In a bill in chancery, if the defendant by his answer confesses the statement of the plaintiff, it takes the case out of the statute.   1 *Stra.* 235, *Mountacue* vs. *Maxwell.*   In all cases where the party *afterwards*, in writing, confesses the facts, the danger, against which the statute intended to guard, is avoided.

The letter does not deny the note ; it affirms it ; and is to operate upon a future contingency to vary the sum to be recovered upon it ; 't is similar to the common cases of giving a note in a sum certain to vary upon a future contingency ; such as a note for cattle, the sum to be ascertained when they shall be killed and weighed ; or it may be considered as an acknowledgment that a sum ought to be endorsed or has been paid on the note ; either of which may be by parole merely.

It is said that *Lewis* had no writing or other acknowledgment from *Gray* that if the land sold for more he was to be accountable for it.   What has that to do with the question ?   If *Lewis* wanted an engagement of that sort, why did he not ask for it ?   Because he has it not, shall he avoid his own express written acknowledgment and undertaking?   The contract was one entire thing ; and the subsequent writing, the letter, being evidence of as high a nature as the note itself, is admissible to * show the [ * **302** ] whole contract.   The principle of not admitting parole evidence to vary a written contract was adopted in *England* not more than fifty years since ; *here* it was adopted much later ; but it is to prevent fraud.   But if the party, in Court, or by writing, acknowledges the fact, will the Court exclude the evidence ?

As to the letter, it is clear that it relates to the account on which the note was given ; but the jury are to judge of that, which is the very point for which the defendant contends ; if they should not believe that the deficiency in the sale was intended to apply to the note, there will again be a verdict for the whole contents of the note ; and the defendant must bring his action against the plaintiff

for the deficiency; but if a cross-action can be avoided, the Court will aid to prevent one.

THACHER, J., said he was in favor of a new trial, on the ground that the letter and account stated ought to have been admitted in evidence in explanation of the contract between the parties at the time of making the note; that it was competent to the defendant to prove by the evidence offered that the whole contents of the note were not due; that it was the province of the jury to say whether the letter related to the note, and was to have the operation and effect contended for by the counsel for the defendant; if such was in fact the intention, the present verdict ought not to stand.

SEWALL, J. If the note upon which the present action is brought were a mercantile note, actually negotiated, I should be opposed to the admission of any evidence whatever, which might vary the sum originally recoverable upon it. The law has guarded the credit of notes which the parties have made negotiable, (when actually negotiated,) by rules established for the security of third persons not parties in the original contract. *Kyd*, 280. But these [ * 303 ] rules have never been applied, as I recollect, * in cases arising upon bonds, written promises, or other contracts not negotiable or not negotiated, where the parties in the contract are the parties in the trial. The defence attempted in this case seems to have been in the nature of a set-off or counter-demand. To this purpose, after the origin of the note demanded and the notice of the consideration for which it had been given, had been shown by the defendant, he has attempted further to show that, by an additional agreement of the parties, made at the same time, corresponding with the other circumstances proved, and, in a certain event, then anticipated, which has since occurred, he is entitled to a deduction or discount from the note demanded. The deed of the *Dorchester* land, and the amount stated upon the estimate, which became the consideration of that sale, concur in establishing the note declared on by the plaintiff. And, as I apprehend, it is not inconsistent with the note, or with the other part of the evidence for the defendant, to show, that the estimate or price of the *Dorchester* land, forming an important part of the account stated and resulting in the note declared on, had been conditionally assented to by the parties. The note, as the ground of this action, remains entire according to the tenor of it; but the sum recoverable upon it may be varied, according to an additional agreement of the parties. It has been objected, that the admission of evidence to this effect, would be contrary to the general principle or rule, that written contracts are not to be varied by parole testimony. 3 *Wils.* 276. This principle of law cannot be questioned; and if it applies in this case, the defect in

LEWIS vs. GRAY.

the mode of proof is not supplied by the after-writing of *Lewis,* which makes no part of the original agreement. My opinion, resulting from the view which I have suggested of this case, is, that this principle does not apply, where the evidence
*objected to, is of a collateral agreement offered in [ * 304 ] mitigation of the damages recoverable upon the original
contract. The evidence which was rejected in this case is similar, as I apprehend it, to evidence of a partial payment, accord, and satisfaction, or other discharge of a written contract, which may be received from parole testimony. 2 *Lev.* 81, 144, *Bul. ni. pri.* 152, 153.

It has been further argued that the evidence offered was insufficient, not being in writing; because the collateral agreement proposed to be proved was a bargain or trust respecting lands, and therefore within the statute of March 10, 1784, (*stat.* 1783, *c.* 37,) or an agreement within the statute to prevent fraud and perjury. (*stat.* June 19, 1788.)

As to the first of these objections, I do not perceive that the supposed agreement had any relation to the sale of the *Dorchester* land, though grounded on the price or estimate taken as the consideration of the sale. That bargain was completed at the time, and will not be affected by any event of the present case. And as to the second of these objections, the only clause of the statute of frauds which has any apparent application in this case, is *that* requiring all agreements, which are not to be performed within one year from the making thereof, to be in writing. The construction of that clause has been that only such agreements are within it, as are *expressly* limited for the time of their performance beyond one year. *Stra.* 506. *Salk.* 280. In the agreement attempted to be proved there was no limitation of the time of performance. However, if the supposed agreement may be considered as within either of the statutes mentioned, I am of opinion that the after-writing of *Lewis* supplies this defect, so far as to take the case out of those statutes, upon the authority of the case cited, by the counsel for the defendant, from *Strange's Reports.* Upon the whole, I think * that the evidence of this collateral agreement, [ * 305 ] and especially the statement of it by the letter of *Lewis,*
the plaintiff, ought to have been admitted to the jury; and that there must be a new trial, that this evidence may be considered in the defence.

SEDGWICK, J. This case comes before the Court on a motion for a new trial. The facts appear, in substance, to be that, the plaintiff being indebted to the defendant in a considerable sum of money, an account was stated between them, and the balance struck; that

it was agreed that a real estate in *Dorchester*, which was estimated to be worth $9,500, should be conveyed by the plaintiff to the defendant; that taking it for granted that the estate was of the estimated value, there would then be a balance in favor of the plaintiff to the amount of the note, and that for this balance the note should be given; that in pursuance of this agreement the deed was executed and the note given. *At this time* no other writing passed between the parties; that at the trial a letter of the following tenor [*here the judge read the letter*] was offered and rejected; and it was stated that evidence would be given that the land did not produce on the sale more than $8000; and said that the difference between that sum and $9,500, at which the land was received by the defendant, ought to be deducted from the note. If this rejection was right, the verdict ought to stand; otherwise there must be a new trial. The counsel for the plaintiff has stated five reasons why the evidence offered by the defendant, ought to have been rejected. 1. That it went to contradict the consideration expressed in the deed, which is, $9,500. To this I answer that it is not an attempt to contradict, in any sense, the consideration expressed in the deed; so far from it, that the deed is in no sense in question in this action.

The second reason was that this is against the statute of [ * 306 ] frauds; setting up a parole agreement to * raise a confidence or trust out of lands. To this again I answer that there is no claim whatever by it, formed on the land or any thing out of it. The third reason given was, that it was an attempt to control, against the principles of the common law, written by parole evidence. To this I say that the letter is as much written evidence as the note, and, whether written at the time or afterwards, it as much avoids, in the one case as the other, the mischief intended to be guarded against by the establishment of the principle alluded to in the objection; and which principle I admit in its full extent. Again, it was said that the letter is not relevant. It is certainly susceptible of explanation; but it speaks of a conveyance of property by the plaintiff to the defendant; that this property lay in *Dorchester*; and it is agreed that the property, for which the note was given, does lie in *Dorchester*; it speaks of an account, which account was produced, and which mentions such a note as that on which the action was brought. All this appears to me to be good *prima facie* evidence to be submitted to the jury. It was again objected that there is no mutuality between the parties; that, if the land should have sold for more than was justly due to the defendant, the plaintiff had no means of recovering the surplus, he having, as it is said, no *written* contract for that purpose. This objection, at first, had considerable weight with me; but I do not know that it was certainly to be concluded that the

plaintiff had no writing from the defendant; and I think there is some reason to doubt whether, if he trusted to the personal honor of the defendant, he ought to be permitted, for that reason, to violate his own honest contract. I am of opinion that a new trial ought to be granted.

Strong, J. (after stating the case.) The question is, whether the rejection of the letter offered in evidence is a ground for granting a new trial. I am *so unfortunate as to [ * 307 ] differ in opinion from my brethren. It is conceded by all that no parole evidence is admissible to vary a written agreement. Whatever evidence is admitted which tends to show that the sum expressed in the note never was the sum actually due, goes to vary the note. The evidence offered is not in the nature of payment, or acknowledgment that a sum received ought to be endorsed on the note, but it is to make a substantial variance in the contract which is evidenced by the note. The question then is, whether the letter is admissible for that purpose. It has been said that it is, because the letter is written evidence—evidence of as high a nature as the note itself; I think otherwise. The letter, at the utmost, cannot be considered as any thing more than parole evidence; it is evidence of what was merely by parole at the time of giving the note. If such parole agreement was originally void, could have no effect upon the note, no subsequent act could vary the nature of the evidence; it could not make the evidence of a higher nature than it was at first. If it is admissible to reduce the note, it must be on the principle that the defendant was entitled to the reduction by way of set-off; but we have no statute authorizing a set-off [in a case like this.] It is inadmissible to diminish the note; because diminishing the sum is varying the written contract. (1) Besides, in this case there was no mutuality; had the land sold for more than the estimate, the plaintiff would have had no remedy. Suppose the land had sold for more than the estimated value; could the plaintiff have declared for more, and given the note in evidence in support of his declaration? Certainly not. If the plaintiff is to be limited by the sum in the note, then for the same reason the defendant cannot vary from it. In every point of view in which I have been able to look at this case, I can see no reason for a new trial. Possibly substantial justice *might be done by admitting the evi- [ * 308 ] dence; but the Court ought not to break through the settled rules of law for the benefit of a single individual.

(1) The words in brackets are added by the editor. The judge certainly could not have meant that we have *no* statute of set-off, for he certainly knew that there are particular cases in which a set-off is authorized by our statutes. Perhaps he meant to be understood that we have no *general* statute of set-off.

DANA, C. J., gave no opinion, as a majority of the Court was in favor of granting a new trial.

*New trial granted*